UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE MANUEL GARCIA-CAMPOS | § | |
| Petitioner | § | |
| | § | |
| VS. | § | CAUSE # B-00-196 |
| | § | CRB-99-399-01 |
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |

**MEMORANDUM AND LAW IN SUPPORT OF PETITIONER'S
TITLE 28 U.S.C. § 2255 MOTION
TO VACATE, SET-ASIDE OR CORRECT SENTENCE**

NOW COMES, Petitioner, JOSE MANUEL GARCIA-COMPOS, Pro-se, and respectfully Moves this Honorable Court to grant this petition pursuant to title 28 U.S.C. § 2255, Motion to Vacate, Set-aside Correct Sentence.

The Petitioner respectfully request a leave of court upon the Petitioner as a "Pro-se" litigant and not sophiscated in the law and to consider the Memorandum and Law in support of this § 2255 Motion by a person in Federal Custody under a Less stringent standard as applied in HAINES v KERNER, 404 U.S. 519, 90 L.Ed. 2d 652, 92 S.Ct. 594.

## JURISDICTION

This Honorable Court retains jurisdiction to decide this motion, because Petitioner pleaded guilty to Title 8 U.S.C. 1326(a) on October 7, 1999 and was sentenced on January 7, 2000

This motion is filed within the one year statute of limitation as required by the "ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT

1

OF 1996" (AEDPA).

## STANDARD OF REVIEW

Pursuant to Title 28 U.S.C. § 2255 is challenging the lawfulness of the sentence which the AEDPA provides a remedy. The court should determine whether the claimed error(s) of Law was a fundamental defect which inherently resulted in a complete miscarriage of justice and whether it present exceptional circumstance where a need for the remedy afford by the Writ of Hebeas Corpus is apparent. See: CASPER v. RYAN, 822 F.2d 1283 (3rd Cir 1987), Cert. denied, 848 U.S. 1012 (1988).

## STATEMENT OF CASE

On September 30,1999 Petitioner was charged in a one count indictment for Illegal Re-entery Following Deportation in Violation of 8 U.S.C. §1326 (a).

On October 7, 1999, Petitioner pleaded guilty, The Presentence Report was ordered and filed on November 7, 1999

On January 7,2000 The Peitioner was sentenced to 50 months in Federal Custody and he is currently at FCI Oakdale. No appeal was filed by the Petitioner, and dismised on October 23, 2000

## ISSUES PRESENTED FOR REVIEW

**THE COUNSEL WAS INEFFECTIVE BY FAILURE TO INVESTIGATE, PREPARE FOR TRIAL OR OBJECT TO THE LEVEL 16 ENHANCEMENT IN THE PSI AT SENTENCING NOR DID HE FILE A NOTICE OF APPEAL OF SENTENCE.**

**THE LEVEL 16 ENHANCEMENT IN THE PSI IS IN VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHTS(THE LEVEL 16 ENHANCEMENT WAS NOT CHARGED IN THE INDICTMENT NOR PROVED TO JURY BEYOND A REASONABLE DOUBT.)**

2

## SUBJECT OF REVIEW

I    The question is wether the "Aggravated Felony" is an element of illigal Re-entry or a mere sentenceing factor, or wether failure to state the element render an indictment constitutionally defective.

II    Wether the bare pleading of Title 8 U.S.C. §1326 (a) or (b) ...in the indictment is sufficient to plead the offense charged, and if the indictment must contain all allegation of every fact which is legally essential to the punishment to be inflicted (U.S. -v- Reese, 92 U.S. 214,232-233, 23 L.Ed 563 (1875)).

III    Whether the Sentencing enhancing Factors, however named must be charged in the indictment and proved to jury beyond a reasonable doubt.

IV    Whether 2L1.2 (b) (1) (a)..."Enhancing Factor" (Level 16 Enhancement) increased the prescribed statutory maximum as was required under 2L1.2 (a)..from 24 months to _____ months.

V    Whether Counsel was ineffective when the performance fell below objective reasonable standard as required by the A.B.A.

This are the matters at hand for this Honorable Court's consideration and review.

2 (a)

## ARGUMENT

## INEFFECTIVE ASSISTANCE OF COUNSEL

**ISSUE ONE RESTATED:** The Counsel was ineffective by failure to investigate, prepare for trial or object to the level 16 enhancement in the PSI at sentencing, nor did he file a Notice of Appeal.

The Counsel was ineffective because assistance of counsle fell below an objective reasonable standard, thereby, dening the Petitioner his 6th Amendment right to effective assistance of counsel.

1. Counsel was ineffective by his failure to investigate the case or perpare for trial.

2. Counsel was ineffective by failure to object to 16 level increase under the PSI.

3. Counsel was ineffective by failure to file a Notice of Appeal to contest the 16 points increase.

Under the Sixth Amendment of the U.S. Constitution, Petitioner is entitled to effective assistance of counsel at trial. The counsel's representation in this case fell below an objective reasonable standard which resulted in an insurmountable prejudice to Petitioner. See STRICKLAND v WASHINGTON, 466 U.S. 668 (1984)

The usual method of challenging the effectiveness of defense counsel in a Federal Criminal trial is by a collateral attack on the conviction though these is not to say that the issue of ineffective assistance of counsel can not be raised on direct appeal. UNITED STATES v. AULET, CA2 (NY) 618 F.2d 182 (1980)

Petitioner contend that the trial counsel did not investigate the case nor prepare for trial, beacause, if he had perpared, he would have have noted that the level 16 increase violates due process rights of the Petitioner. The various court of appeal have held that trial counsel failure to investigate and perpare

3

for trial amounts to ineffective assistance See HARRIS v WOOD, 64 F. 3d 1432 (9th Cir. 1995)., See CARANDELL v. BUNNELL, 144 F. 3d 1213 (9th Cir 1998).

Furthermore, Conusel did bot object to the level 16 increase in the PSI nor did he file a Notice of Appeal to try and correct the error.

The Court of Appeal has reversed conviction due to ineffective pretrial consultation, investigation and perparation [see: BYRD v. UNITED STATES, 614 A. 2d 25 (D.C. 1992)]; [SYKES v. UNITED STATES, 585 A. 2d 1335, (D.C. 1991)]; [HARRIS v. UNITED STATES, 441 A. 2d 268 (D.C. 1982)].

Failure to file requested appeal is per se ineffective assistance of counsel irrespective of possibility of success on merits. [see UNITED STATES v. FOSTER 68 F.3d 86 (4th Cir 1995)].

The Sixth Amendment requires investigation and perparation, not only to exonerate, but also to secure and protect the rights of the accused, such constitutional rights are granted to the innocent and guilty alike and failure to investigate and file appropriate motion (ie Notice of appeal) is effective assistance. [see KIMMELMAN v. MORRISON, 477 U.S. 365 (1986)].

In order to assert a successful ineffective assistance of counsel claim. Petitioner must prove that he suffered prejudice STRICKLAND v. WASHINGTON, Supra, prejucdice has been defined as a reasonable probability that the out come of the trial (plea) would have been different. Petitoner contend that by the failure to investigate, prepare for trial nor file a notice of appeal, Petitioner has been prejudiced to 51 months sentence rather the

4

than the low sentence called for by law. The court appointed counsel's unprofessional error and omission must be considered in light of totality of the circumstances. In other word the prejudicial effect must be considered together. [See ARROWOOD v. CLUSEN, 732 F. 2d 1364 (7th Cir. 1984)]. The totality of trial counsel unprofessional error and omission in this case constitute ineffective assistance of counsel. [see GOODWIN v. BALKCOM, 684 F. 2d 794 (11th Cir 1982)]

Moreover, ineffective, incompeletent or inadequate respresentation is the same as no counsel at all and such, will equal a denial of Due Process [see STATE v. MCKAY, ND (1975), 234 NW. 2d 853.]

## THE LEVEL 16 ENHANCEMENT

**ISSUE TWO RESTATED**: The level 16 enhancement is the PSI is in violation of Petitioner's constitutional rights because the factors used to enhance the sentence by 16 point was not charged in the indictment nor proved to jury beyond a reasonable doubt.

The fact that the Petitioner did not object at sentencing hearing does not procedurally default the claim contemporaneous objection, because an indictment is jurisdictional ... a defect is not waived by a guilty plea and may be challenged for the first time on collateral attack. [see CABRERA-TERAN 168 F.3d 141, 143 (5th Cir 1999).

Petitioner avers that the level 16 enhancement pursuant to the Presentence Investigation Report based on "Specific Offense Characteristics: Since the defendant was previously deported after a criminal conviction for an aggravated felony there is an increase of 16 level" is in violation of Petitioner's

Due Process right under the 5th Amendment and Trial by Jury of the 6th Amendment of the United States Constitution. Due to the fact that the "Enhancing Factors" were not charged in the indictment nor proved to a jury beyond a reasonable doubt.

1. A prior felony conviction is an element of illegal re-entry and not a sentencing enhancement

2. The indictment failed to allege the prior felony conviction, which is an element of illegal en-entry.

The question here is whether the prior felony conviction is an element of illegal re-entry and not a sentencing enhancement and whether the indictment failed to allege the prior felony conviction which is an element of this instant offense.

An indictment must contain the element of the offense charge and fairly inform a defendant of the charge against him. HAMLING v UNITED STATES, 418 U.S. 87, 117 (1974).

In ALMENDAREZ-TORRES v. UNITED STATES, 523 US 224, (1998), the Supreme Court held in a five to four decision that an indictment in an illegal reentry case need not allege a defendant's prior "Aggravated Felony" conviction in order for a district court to sentence the defendant to an "enhanced" sentence under 8 U.S.C. 1326 (b)(2) based on the defendant prior conviction. ALMENDAREZ-TORRES, 523 US at 247. The majority held that section 1326(b)(2) merely created a "sentencing factor" that need not be pleaded in the indictment in order to result in an enhanced sentence based on a defendant prior "aggravated felony" conviction id at 243. Justice Scalia, joined by Stevens, Souter and Ginsburg, disented from the court holding in ALMENDAREZ-TORRES id at 248. The dissenters contended that section 1326 (b)(2) was not merely a "sentencing factor" but instead was a separate offense, id 270-71

6

As a result the dissenter contended the fact of a defendant prior conviction had to be pleaded in the indictment in order for a district court to impose an "enhanced" sentence above the two years maximum sentence provided for by 8 U.S.C. § 1326 (a) id.

The Supreme Court's ruling in ALMENDAREZ-TORRES, Supra is obviously absent in a Federal case such as the Instant case, where the highest federal appellate court (the U.S. Supreme Court) had issued a decision by the time of this proceeding.

On June 26, 2000, the Supreme Court issued a decision in APPRENDI v. NEW JERSEY, 120 S.Ct. 2348 (2000), which address the constitutionality of an enhanced prison sentence under sentencing enhancement statute of New Jersey, when a jury had not found the operative sentencing fact beyond a reasonable doubt and instead, the trial court simply had found operative fact by a preponserance of the evidence at the sentencing hearing. The supreme court held that Apprendi's enhanced sentence was unconstitutional id at 2366-67.

The Supreme Court held that:

**The Constitution requires that any fact that increase the penalty for a crime beyond the prescribed statutory maximum other than the fact of a Prior conviction must be submitted to jury and proved beyond a reasonable doubt. APPRENDI v. NEW JERSEY, 120 S.Ct.2348 (2000).**

**The 14th and 5th Amendment rights to due process and sixth Amendment right to trial by jury, taken together, entitle a criminal defendant to a jury determination that he is guilty of every elements of the crime which he is charge beyond a reasonable doubt, In re WINSHIP, 397 US 358, 364, 90 S.Ct. 1068, 25 L.Ed. 2d 368.**

The Petitioner contend that the level 16 enhancement is in violation of his due process right and trial by jury rights of the 5th and 6th Amendment of the U.S. Constitution, in that prior felony conviction is an element of illegal re-entry and not a sentencing enhancement and that the indictment failed to allege the

7

prior felony conviction which is an element of illegal re-entry.

In light of the majority opinion in Apprendi, the petitioner contend that the __50__ months sentence for violation of __8__ U.S.C. §1326 (a) should be vacated and the petitioner re-sentenced as follow:

```
BASE OFFENSE LEVEL                              8
AJUSTMENT FOR ACCEPTANCE OF RESPONSIBILTY      - 3
TOTAL OFFENSE LEVEL                             5
CRIMINAL HISTORY CATEGORY    III
SENTENCE RANGE      2    to    8    months.
```

A court may correct an illegal sentence... that is, one imposed in excess of the applicable statutory minimum..."at any time." HILL v. UNITED STATES, 368 U.S. 424, 430 & n.8 (1962).

Although the indictment referred to the statutory citation Title 8 U.S.C. Section 1326 such a "bare" statutory reference in the indictment is insufficient to plead a violation of 8 U.S.C. § 1326. See CABRERA-TERAN, 168 F.3d at 145 - 46; FORBES, 16 F.3d at 1297; UNITED STATES v. ZANGGER, 848 F. 2d 923 (9th Cir 1988).

Therefore, Petitioner pray that this §2255 Motion be granted and the Peitioner be sentenced according to the Law or any other relief as this Honorable court deem justice and proper in the interest of justice. GOD BLESS AMERICA.

Respectfully Submitted

Jose Manuel Garcia-Campos

Reg

F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463
PRO-SE

8