United States District Court
Southern District of Texas
FILED

SEP 0 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES OF DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |
| | § | C.R. NO. B-99-399 |
| vs. | § | |
| | § | |
| JOSE MANUEL GARCIA-CAMPOS | § | |
| Petitioner | § | |
| (C.A. B-00-196) | § | |

## RESPONSE AND MOTION TO DISMISS GARCIA-CAMPOS' MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government," files this response and motion to dismiss Garcia-Campos's motion for relief under 28 U.S.C. § 2255. In support thereof the government would show the court the following:

I.

JURISDICTION

On September 30, 1999, the Grand Jury for the United States District Court for the Southern District of Texas, Brownsville Division, filed an indictment, Criminal Case No. B-99-CR-399, in which Garcia-Campos was charged with the offense of unlawful re-entry of the United States after deportation in violation of 8 U.S.C. §1326 (a) and 8 U.S.C. §1326 (b). On October 7, 1999, Garcia-Campos pled *pro forma* not guilty before United States Magistrate Judge Felix Recio in Brownsville, Texas. On October 7, 1999, Garcia-Campos entered a plea of guilty. The magistrate court accepted his plea, found him guilty, ordered the preparation of a pre-sentence investigation report (PSR), and set the case for sentencing. Garcia-Campos' sentence was imposed on January 1, 2000. The court found that Garcia-Campos' total offense level was 21 and his criminal history score placed him in

criminal history category III. The applicable guideline range was 46 to 57 months. The district judge ordered Garcia-Campos to serve a 50-month term of confinement that was to be followed by a three-year term of supervised release. The court waived the $100 mandatory assessment upon the government's request.

Garcia-Campos appealed to the United States Court of Appeals for the Fifth Circuit. The Federal Public Defender who represented Garcia-Campos on appeal filed an *Anders* brief. On October 23, 2000, the Court of Appeals dismissed the appeal as frivolous. Garcia-Campos did not pursue a petition for writ of certiorari to the Supreme Court of the United States. Consequently, Garcia-Campos judgement of conviction and sentence became final on January 21, 2001. *United States v. Thomas*, 203 F.3d 350 (5th Cir. 2000).

Garcia-Campos timely invoked this court's jurisdiction under 28 U.S.C. §2255 on July 6, 2001.

II.

STATEMENT OF FACTS

Jose Manuel Garcia-Campos was seen near Los Tomates International Bridge on September 5, 1999. He was one of twelve persons crossing a levee leading from the Rio Grande River. When apprehended, Garcia-Campos declared he was a Mexican citizen as were the other members of the group. The Border Patrol's background check indicated that he had previously been deported from the United States subsequent to sustaining a criminal conviction for sodomy in the State of New York. In addition, the investigating agents learned that Garcia-Campos was not a Mexican national, he was a citizen of El Salvador. Garcia-Campos pled guilty to the charge of illegal re-entry, violations of 8 U.S.C. §1326. He was sentenced to a 50-month term of imprisonment, 3 years supervised release, and a $100 special assessment.

2

Garcia-Campos recorded several criminal convictions in the United States prior to his arrest along the Rio Grande. In New York, he was convicted of second degree aggravated operation of a motor vehicle in Nassau County District Court on December 1, 1985. He was convicted of operating a motor vehicle while impaired by alcohol in East Hampton, New York Traffic Court on November 10, 1986. Twelve years later he was convicted of misdemeanor operating a motor vehicle with 0.10 of 1% alcohol in Nassau County 1st District Court on April 12. 1998.

Garcia-Campos' most recent conviction prior to the illegal reentry was the class E felony of sodomy and incest. The victim was his oldest daughter who is mentally challenged. Garcia-Campos pled guilty in Nassau County 1st District Court on July 15, 1998. The trial court sentenced him to 1 year of service and issued a five year protective order that expires on December 23, 2003. He was released from custody on February 26, 1999.

III.

GROUNDS FOR RELIEF

In his motion for relief under 28 U.S.C. § 2255, Garcia-Campos advances the following issues:

(1) Whether Garcia-Campos' 16-level sentencing adjustment is a violation of the Federal Sentencing Guidelines; and

(2) Whether Garcia-Campos was denied his right to effective assistance of counsel at his sentencing hearing and on appeal.

IV.

RESPONSE AND MOTION TO DISMISS

A. General Standard of Review for 28 U.S.C. §2255.

To be entitled to relief under 28 U.S.C. § 2255, a defendant must show that a violation of his constitutional rights or that a narrow range of injuries that could not have been raised on direct

3

appeal has occurred that would result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996), *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert denied*, 516 U. S. 1165 (1996). When constitutional issues are raised for the first time on collateral review, a movant must establish both cause for his procedural default and actual prejudice resulting from the error. *Id.* at 934. Absent unusual circumstances, ineffective assistance of counsel, if shown, is sufficient to overcome a procedural default. *Id.* (citing *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995)).

B. The sentencing court correctly applied the sentencing guidelines to Garcia-Campos' case.

*1. Application of the sentencing guidelines is not a cognizable claim under § 2255.*

Garcia-Campos' contention that the district court incorrectly deemed the prior felony an aggravated felony under 8 U.S.C. § 1101(a)(43) does not raise constitutional concerns which are cognizable under § 2255. "Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding." *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996) (quoting *United States v. Vaughn*, 955 F2d 367, 368 (5th Cir 1992)). Furthermore, technical application or misapplication of the sentencing guidelines does not raise a constitutional issue cognizable under § 2255. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Moreover, since this claim involves an application of sentencing guidelines, which is not a constitutional issue, it should be dismissed.

*2. The trial court correctly applied the Federal Sentencing Guidelines.*

Garcia-Campos claims that the court erred in using his prior conviction to determine his relevant history at sentencing. Although the Supreme Court has held that any fact that increases a sentence above the statutory maximum must be pled in the indictment and tried to a jury beyond a

4

reasonable doubt, *Aprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), Garcia-Campos' previous conviction has been held to be an enhancement and not an element of the offense. Generally, § 1326 (b)(2) is merely a sentencing enhancement for the offense of illegal reentry, not a separate element of the offense. *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

Garcia-Campos correctly contends that his base offense level is 8. However, the United States Sentencing Commission, *Guidelines Manuel*, USSG §2L1.2(b)(1)(A) (Nov. 1998), mandates a 16-level increase if the conviction was for an aggravated felony. Garcia-Campos received a 3 level reduction for acceptance of responsibility for his illegal activity and advising the government of his intent to plead early in the proceeding. The result is a total offense level of 21.

Under USSG § 4A1.1, two points are added to Garcia-Campos' criminal history score for his prior conviction for operating a motor vehicle with 0.10 of 1% alcohol and 2 points for Garcia-Campos' prior conviction for sodomy. Two additional points are added because his most recent crime was committed less than two years after the most recent conviction. USSG § 4A1.1(e). Six criminal history points place Garcia-Campos in criminal history category III according to the sentencing table. USSG § 5A. Thus, when the total offense level is 21 and the criminal history category is III, the guideline range for imprisonment is 46 to 57 months. *Id.*

C. Garcia-Campos received effective assistance of counsel.

An ineffective assistance of counsel claim should be raised in a § 2255 proceeding. *United States v. Brewster*, 137 F.3d 853 (5th Cir. 1998). There are two components of any ineffective assistance of counsel claim: (1) deficient performance and (2) prejudice. A criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 842 (1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Fretwell*, the Court

5

observed:

> [An] analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

506 U.S. at 369. The prejudice prong of the *Strickland* test focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 844.

To prevail on his claim, Garcia-Campos must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional error the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of the trial. To this end the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.*

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648 (1984).

*1. Garcia-Campos received effective assistance of counsel during the sentencing process.*

Garcia-Campos' first issue in his general ineffective assistance of council claim is that his counsel did not adequately investigate the case or prepare for trial. Garcia-Campos contends that if his counsel had spent more effort preparing for his case, he would have argued the application of

6

sentencing guidelines in the PSR was incorrect. This is the only factual example of his counsel's performance described in this ineffective assistance of counsel because of inadequate investigation and preparation claim. This issue overlaps with Garcia-Campos' second issue in his general ineffective assistance of counsel claim, that his counsel was ineffective for failing to object to a level 16 increase in the presentence report. For reasons stated previously, Garcia-Campos' counsel's objection to the level 16 increase would not have been sustained. Thus, his counsel's performance was not deficient because his choosing not to object fell within the wide latitude of discretion afforded defense attorneys.

2. *Garcia-Campos received effective assistance of appellate counsel.*

In his final issue of the ineffective assistance of counsel claim, Garcia-Campos asserts that his counsel failed to file a notice of appeal to contest the 16 point increase in his sentence. Although petitioner is entitled to the effective assistance of counsel on appeal, *Evitts v. Lucey*, 469 U.S. 387 (1985), he is not entitled to relief merely because counsel failed to raise and argue some non-frivolous point. *Jones v. Barnes*, 463 U.S. 745 (1983). To obtain relief on this issue, the petitioner must show that he would likely have obtained relief on this issue if it had been raised.

If the appellate court finds that an appeal would be totally frivolous and not "taken in good faith," that appeal may be dismissed. *Ellis v. United States*, 356 U.S. 674 (1958); *Anders v. California*, 386 U.S. 738 (1967). There is no requirement that an appellate counsel raise every non-frivolous issue on appeal to show competency. Appellate counsel may select the issue or issues he thinks may provide the best chance for reversal. *Jones v. Barnes*, 463 U.S. 745 (1983). The appellate counsel's discretion is limited.

> With a claim that counsel erroneously failed to file a merits brief, it will be easier for a defendant-appellant to satisfy the first part of the *Strickland* test, for it is only necessary for him to show that a reasonably competent attorney would have found one nonfrivolous issue

7

warranting a merits brief, rather than showing that a particular nonfrivolous issue was clearly stronger than issues that counsel did present.

*Smith v. Robbins*, 528 U.S. 259, 288 (2000). In this case, an appeal was pursued by petitioner's counsel, the Federal Public Defender of Brownsville, on petitioner's behalf. The Federal Public Defender filed an *Anders* brief with the Fifth Circuit. The court did not appoint new counsel and dismissed the appeal as frivolous. Garcia-Campos' only specific concern with his appellate counsel is that the Federal Public Defender did not contest his 16 point increase. As shown above, Garcia-Campos' counsel's objection to the increase would not have been sustained. Thus, his counsel's performance was not deficient because his choosing not to object fell within the wide latitude of discretion afforded criminal defense attorneys.

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

Although the allegations of a *pro se* complaint are held to a less stringent standard than the formal pleading drafted by lawyers, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief, the cause will be dismissed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). The instant cause does not merit a hearing.

The government prays that the court enter an order dismissing Civil Case No. B-00-196.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

By: _____
JAMES L. TURNER
Assistant United States Attorney


CERTIFICATE OF SERVICE

I, James L. Turner, do hereby certify that ta copy of the foregoing Respondent's Motion to Dismiss has been mailed on this the 6 day of Sept, 2001, via certified mail, return receipt requested to:

Mr. Jose Manuel Garcia-Campos, *pro se*
Federal Correctional Institution
Oakdale, LA  71463

_____
JAMES L. TURNER
Assistant United States Attorney

9

IN THE UNITED STATES OF DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |
| | § | C.R. NO. B-99-399 |
| vs. | § | |
| | § | |
| JOSE MANUEL GARCIA-CAMPOS | § | |
| Petitioner | § | |
| (C.A. B-00-196) | § | |

## ORDER

It is hereby ordered that Jose Manuel Garcia's Motion for Relief under 28 U.S.C. § 2255 is denied.

SIGNED this _____ day of _____ 2001.

_____
UNITED STATES DISTRICT JUDGE

10