UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 0 7 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE MANUEL GARCIA-CAMPOS, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-00-196 CR. NO. B-99-399 |
| UNITED STATES OF AMERICA, Respondent. | § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Jose Manuel Garcia-Campos is a citizen of El Salvador currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. On September 5, 1999, Garcia-Campos was seen near the Los Tomates International Bridge. He was one of twelve persons crossing a levee leading from the Rio Grande River. On September 30, 1999, the Grand Jury for the United States District Court for the Southern District of Texas, Brownsville Division, filed an indictment against Petitioner Garcia-Campos. In Criminal Case No. B-99-CR-399, Garcia-Campos was charged with unlawful re-entry of the United States after deportation in violation of 8 U.S.C. §§ 1326 (a) and (b).

Petitioner Garcia-Campos pled guilty to the charge of illegal re-entry, and was sentenced to a 50-month term of imprisonment, 3 years supervised release, and a $100 special assessment. The court sentenced Garcia-Campos to 50 months because it found that the Petitioner's total offense level was 21 and his criminal history score place him in criminal history category III.

1

Garcia-Campos was convicted of an aggravated felony on July 15, 1998, in Nassau County 1st District Court (New York). The Petitioner pled guilty in that case to the Class E Felony crime of incest and sodomy.

Garcia-Campos appealed to the United States Court of Appeals for the Fifth Circuit. The appeal that was filed consisted of an *Anders* brief. On October 23, 2000, the Court of Appeals dismissed the appeal. Garcia-Campos did not pursue a petition for writ of certiorari to the Supreme Court of the United States. Consequently, for 28 U.S.C. § 2255 purposes Garcia-Campos' judgment of conviction and sentence became final on January 21, 2001.[1] Garcia-Campos timely invoked this Court's jurisdiction under § 2255 on July 6, 2001.

In his motion for relief, Garcia-Campos advances the following issues:

> (1) Whether Garcia-Campos was denied his right to effective assistance of counsel at his sentencing hearing and on appeal; and
>
> (2) Whether Garcia-Campos' sixteen-level sentencing adjustment is a violation of the Federal Sentencing Guidelines.

The government has filed a response and motion to dismiss in a response to Petitioner Garcia-Campos' motion for relief under 28 U.S.C. § 2255.

## STANDARD

Generally speaking, 28 U.S.C. § 2255 provides relief for a convicted federal criminal defendant who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the

---

[1] *See United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).

sentence is otherwise subject to collateral attack.[2] A Section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue on collateral review of his conviction, unless there is cause for the default and actual prejudice as a result.[3]

Garcia-Campos also claims that his counsel was constitutionally ineffective at his sentencing hearing and on appeal. The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[4]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[5] In so doing, a convicted defendant must carry the burden of proof and

---

[2] *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. denied*, 504 U.S. 962 (1992); and 28 U.S.C. § 2255.

[3] *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

[4] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[5] *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056 (1993); and *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992), *cert. denied*, 504 U.S. 992 (1992).

overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.[6] The courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight.[7] It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[8] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[9] Counsel is required neither to advance

---

[6] *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997), *cert. denied*, 523 U.S. 1099 (1998); *Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1995), *cert. denied*, 517 U.S. 1144 (1996); *Duff-Smith v. Collins*, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. *See Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993); *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028 (1984).

[7] *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United Stats v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000); *Carter v. Johnson*, 131 F.3d at 463; *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997), *cert. denied*, 525 U.S. 859 (1998); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); and *Belyeu v. Scott*, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, *see Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996), *cert. denied*, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. *See Williams v. Cain*, 125 F.3d at 276, *citing Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).

[8] *See Strickland v. Washington*, 466 U.S. at 690; and *Duff-Smith v. Collins*, 973 F.2d at 1182.

[9] *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own

every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[10] A criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial.[11] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[12]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[13] "An error by counsel, even if professionally unreasonable,

---

psychiatric testimony regarding the defendant's violent tendencies); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997) (holding that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); *Bryant v. Scott*, 28 F.3d 1411, 1435 (5th Cir. 1994), *citing Strickland v. Washington*, 466 U.S. at 691; and *Andrews v. Collins*, 21 F.3d at 623 (holding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

[10] *See Neal v. Cain*, 141 F.3d 207, 214-15 (5th Cir. 1998), (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); and *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[11] *See Sharp v. Johnson*, 107 F.3d 282, 290 n.28 (5th Cir. 1997), *citing Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). *See also Lackey v. Johnson*, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[12] *See United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984); and *Jones v. Jones*, 163 F.3d at 303.

[13] *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995).

5

does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[14] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[15] In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[16] The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[17]

The two-part *Strickland* test applies to the performance of counsel on appeal.[18] Where a defendant is either actually or constructively denied the assistance of counsel on appeal, however, prejudice is presumed.[19] While it is true that actual or constructive denial of counsel on appeal

---

[14] *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067.

[15] *Id.*

[16] *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

[17] *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

[18] *See United States v. Phillips*, 210 F.3d 345, 348-50 (5th Cir. 2000); *Andrews v. Collins*, 21 F.3d at 625; *Sharp v. Puckett*, 930 F.2d 450, 451 (5th Cir. 1991); *Lofton v. Whitney*, 905 F.2d 885, 887-88 (5th Cir. 1990); and *McCoy v. Lynaugh*, 874 F.2d 954, 962-63 (5th Cir. 1989).

[19] *See Hughes v. Booker*, 220 F.3d 346, 349 (5th Cir. 2000); *White v. Johnson*, 180 F.3d 648, 650 (5th Cir. 1999) (holding that a defendant denied his right to appeal by virtue of his counsel's failure to advise him of his right to appeal, the procedure and time limits involved, and the right to appointed counsel on appeal need not show prejudice); *Jackson v. Johnson*, 150 F.3d 520, 524-25 (5th Cir. 1998), *cert. denied*, 526 U.S. 1041 (1999) (holding that a constructive denial of counsel on appeal occurs only where counsel's ineffectiveness is so egregious as to effectively deny the defendant any meaningful

results in a presumption of "prejudice," as that term is defined under the *Strickland* test, a claim of merely ineffective assistance by appellate counsel still requires the petitioner to satisfy the prejudice prong of that test.[20]

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[21] Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice.[22] It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[23] Mere conclusory allegations in support of claims of

---

assistance at all); *McDonald v. Johnson*, 139 F.3d 1056, 1058 n.1 (5th Cir. 1998), (recognizing that if petitioner can prove his counsel's ineffective assistance denied him the right to appeal, then he need not establish that he had some chance of success on appeal); *Salazar v. Johnson*, 96 F.3d 789, 791 (5th Cir. 1996) (ruling that when counsel's errors result in an actual or constructive denial of the assistance of counsel on appeal altogether, as when counsel's errors deny the defendant his right to appeal, the defendant need not prove prejudice under *Strickland*); *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (ruling in the same manner as *Salazar*); *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (stating that complete denial of counsel on appeal, whether actual or constructive, creates a presumption of prejudice); and *Moss v. Collins*, 963 F.2d 44, 47 (5th Cir. 1992), *cert. denied*, 506 U.S. 1055 (1993) (noting that actual or constructive denial of counsel on appeal is legally presumed to result in prejudice).

[20] *See Hughes v. Booker*, 220 F.3d at 349 (holding that a petitioner who argues that counsel failed to assert or fully brief a particular claim must show that his attorney's performance was both deficient and prejudicial); *Jackson v. Johnson*, 150 F.3d at 525; *Moss v. Collins*, 963 F.2d at 48; and *Lofton v. Whitley*, 905 F.2d at 887.

[21] *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); and *Armstead v. Scott*, 37 F.3d at 210. *See also Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on both prongs of the *Strickland* test).

[22] *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); and *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987).

[23] *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); and *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert.*

7

ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[24]

## ANALYSIS

*Petitioner's Issue #1*

The Petitioner claims that his sixteen-level sentencing adjustment is a violation of the Federal Sentencing Guidelines. In evaluating Garcia-Campos' second issue first, it is generally true that a trial court's application of the sentencing guidelines is not a cognizable claim under 28 U.S.C. § 2255. The issue of whether a prior felony is a an aggravated felony under 8 U.S.C. § 1101(a)(43) does not raise constitutional concerns. "Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding."[25] Petitioner Garcia-Campos did not raise the issue of his sentence on direct appeal. Additionally, technical application or misapplication of the sentencing guidelines does not raise a constitutional issue under § 2255.[26] For these reasons, Petitioner Garcia-Campos is not entitled to relief on this issue.

*Petitioner's Issue #2*

---

*denied*, 479 U.S. 1057 (1987).

[24] *See Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991); *United States v. Woods*, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and *Ross v. Estelle*, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

[25] *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

[26] *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

8

To prevail on his ineffective assistance of counsel claim, Garcia-Campos must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional error the result of the proceeding would have been different.[27] Garcia-Campos' first claim is that his counsel erred in not arguing the application of sentencing guidelines in the presentence report. This is the only factual example of his counsel's alleged inadequate performance that Petitioner attributes to inadequate investigation and preparation. This issue overlaps with Garcia-Campos' second issue in his general ineffective assistance of counsel claim; that his counsel was ineffective for failing to object to the sixteen-level increase in the PSI. The sentencing guidelines dictate a sixteen-level increase if a prior conviction was an aggravated felony. Due to Garcia-Campos' criminal history, the sixteen-level increase he received was a just sentence. For this reason, Petitioner's attorney's objection to the sixteen-level increase would have been overruled. Thus, his counsel's performance was not deficient because his choosing not to object fell within the wide latitude of discretion afforded defense attorneys.

Garcia-Campos also asserts that his appellate counsel was ineffective on appeal because counsel failed to file a notice of appeal to contest the sixteen-level increase in his sentence. To obtain relief on this issue, the petitioner must show that he would likely have obtained relief on this issue had it been raised. In other words, Garcia-Campos must show that the alleged error by his attorney prejudiced him under the *Strickland* test. In this case, Petitioner did have appellate counsel, and his only gripe with the Federal Public Defender that prepared his appeal was that counsel did not contest the sixteen-level increase. The fact that the sixteen-level increase was

---

[27] *Strickland v. Washington*, 466 U.S. at 694.

lawful coupled with legal precedence that states that an appellate counsel need not raise every non-frivolous issue on appeal in order to show competency leads this Court to find that this claim is again without merit. Petitioner simply can not satisfy both prongs of the rigid *Strickland* test.

## RECOMMENDATION

After a thorough review of the law surrounding ineffective assistance of counsel, it becomes evident that Petitioner's counsel at his sentencing hearing and on appeal was at the very least "reasonably effective."[28] Additionally, Garcia-Campos' claim that the Federal Sentencing Guidelines were misapplied does not raise constitutional concerns which are cognizable under § 2255. For these reasons, Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 should be DENIED, and the Government's Motion to Dismiss should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 7th day of November, 2001.

Felix Recio
United States Magistrate Judge

---

[28] *Strickland v. Washington,* 466 U.S. at 687; *Bullock v. Whitley,* 53 F.3d 697, 700 (5th Cir. 1995).

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE MANUEL GARCIA-CAMPOS,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-00-196<br>CRIMINAL NO. B-99-399 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§ | |

## ORDER

    Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the file, Petitioner's Post Conviction Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 is hereby DENIED, and the Government's Motion to Dismiss is hereby GRANTED.

    DONE in Brownsville, Texas on this _____ day of _____, 2001.

_____
Hilda G. Tagle
United States District Judge